W. C. BROWN, *Agent for the Montecello Horse Company*, v. J. H. FLOWER AND T. B. JEFFERSON.

**No. 419.**   (58 Pac. 1015.)

1. BREACH OF WARRANTY—*Instructions.* The instructions examined, and *held*, that in a clear and comprehensive manner they fully state the law applicable to the facts and the theory upon which the case was tried.

2. PRACTICE, COURTS OF APPEALS —*Review.* Errors occurring during the trial and not called to the attention of the trial court will not be reviewed.

·Error from Woodson district court; L. STILLWELL, judge.   Opinion filed November 15, 1899.   Affirmed.

*I. O. Pickering,* for plaintiff in error.

*Lamb & Hogueland,* for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was commenced by the plaintiff in error, as agent of the Montecello Horse Company, against the defendants, in the district court of Woodson county, to recover the sum of $210 and interest, on a promissory note executed by the defendants to the plaintiff as such agent. The defendants admitted the execution of the note, but alleged that the consideration thereof was the purchase of a stallion with warranty. They alleged that the stallion was warranted by the plaintiff to be sound in wind and a sure foal-getter; that defendants, relying upon the warranty and believing the same to be true, purchased the stallion and executed and delivered to plaintiff the note sued on in this action; that at the time of the purchase the stallion was not sound in wind nor a sure foal-getter, but was absolutely worthless, as the plaintiff well knew. The case was tried

to a jury and a verdict returned for the defendants for costs, and judgment rendered accordingly.

The errors complained of are based upon the instructions given to the jury by the trial court. The instructions are too long to be set forth in this opinion. They have been considered, and under the evidence, and upon the theory on which the case was tried, they informed the jury in a clear and comprehensive manner what material facts must be found in order to recover or bar the recovery.

The case was tried upon the theory that the warranty was oral, and parol evidence was introduced to prove the same. During the trial, the plaintiff testified as follows:

"Ques. Who started? Who was in the company? Ans. Mr. Wininger was in the company and myself and Mr. Flower. My hired man bridled and trigged the horse, and we had always handled the horse behind the wagon; I had never taken him any other way, and Mr. Wininger got into the wagon. I went into the house and made out the bill of sale for the horse on the back of our bill of sale, and then we went.

"Q. You delivered the bill of sale to Mr. Flower? A. Yes, sir; I think I got into the wagon before I thought of that, when he spoke to me about it."

Plaintiff in error in his brief now contends:

"We claim that when it was disclosed by the evidence that Flower had required a written bill of sale and the same had been made out and delivered to him, that all evidence of oral statements by Brown during the negotiations were incompetent and immaterial. Further, we claim that each and every instruction given by the court to the jury touching the defense set up by the defendants were based upon the alleged verbal statements of Brown, and were erroneous, prejudicial and misleading."

Plaintiff in error does not call our attention to an objection made to the oral testimony introduced. It was not the duty of the court, of its own motion, on the above testimony, to strike out or refuse to hear evidence of oral statements in proof of the oral warranty. If the warranty was in writing, and this fact had been called to the attention of the trial court by a motion or by an objection to the testimony, the contention of plaintiff in error would avail. The case was tried upon the theory, by all parties, without objection, that the defense was based upon a oral warranty. The only suggestion in the record that there was a written warranty is the evidence set forth above. This is not sufficient. The error now complained of was not presented to the trial court and cannot be reviewed.

The judgment of the district court is affirmed.